**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**


| | | |
|---|---|---|
| **CHRISTOPHER GEORGE ARNONE,** | ) | |
| **#1173315,** | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **3:06-CV-0868-K** |
| | ) | **ECF** |
| **NATHANIEL QUARTERMAN, Director,** | ) | |
| **Texas Department of Criminal Justice,** | ) | |
| **Correctional Institutions Division,** | ) | |
| **Respondent.**[1] | ) | |


**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. §636(b), and an order of the District Court in

implementation thereof, the subject cause has been referred to the United States Magistrate

Judge.  The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type Case:  This is a *pro se* petition for a writ of habeas corpus brought by a state inmate

pursuant to 28 U.S.C. § 2254.

Parties:  Petitioner is presently confined at the Neal Unit of the Texas Department of

Criminal Justice -- Correctional Institutions Division (TDCJ-CID) in Amarillo, Texas.

Respondent is the Director of TDCJ-CID.  No process was issued in this case pending

preliminary screening.

---

[1]      Effective June 1, 2006, Nathaniel Quarterman was named Director of the Texas
Department of Criminal Justice, Correctional Institutions Division.  The caption is being
changed pursuant to Fed. R. Civ. P. 25(d).

Statement of Case:  In November 2002, Petitioner pled nolo contendere to the offense of

injury to a child, pursuant to a plea bargain agreement, in Criminal District Court No. 2 of Dallas

County, Texas, in Cause No. F02-01999-I.  The trial court entered an order of deferred

adjudication, and placed him on a ten-year term of community supervision/probation.

Thereafter, the State filed a motion to adjudicate guilt.  On April 18, 2003, the trial court

adjudicated Petitioner guilty of injury to a child and assessed punishment at fifteen years

imprisonment.  (Petition (Pet.) at 2).  Petitioner appealed.  The Fifth District Court of Appeals at

Dallas affirmed the conviction and sentence.  *Arnone v. State*, No. 05-03-01165-CR, slip op. at

1-2 (Tex. App. -- Dallas Jan. 28, 2004, no pet.).[2]  Although Petitioner was granted an extension

until April 27, 2004, to file a petition for discretionary review, he did not file one.  *See id.*,

http://www.courtstuff.com/FILES/05/03/05031165.HTM  (docket sheet information generated

March 23, 2005) (Official internet site of the Court of Appeals for the Fifth District of Texas at

Dallas); *see also* No. PD-0298-04, http://www.cca.courts.state.tx.us/opinions/Case.asp?Filing

ID=224042.

On August 12, 2004, Petitioner filed an application pursuant to art. 11.07, Texas Code of

Criminal Procedure, in the trial court, challenging the conviction at issue in this case.  On

February 9, 2005, the Texas Court of Criminal Appeals (TCCA) denied the application without

written order.  *Ex parte Arnone*, WR-60,218-01, WR-60,218-01, http://www.cca.courts.

state.tx.us/opinions/Case.asp?Filing ID=229368 (docket sheet information generated Dec. 8,

2006) (Official internet site of the Texas Court of Criminal Appeals).

---

[2]      The January 28, 2004 opinion of the Fifth District Court of Appeals sets out the
procedural history noted above.

On April 5, 2005, Petitioner filed his first federal petition, which this Court dismissed for failure to exhaust state court remedies. *Arnone v. Quarterman*, 3:05cv0669-B (N.D. Tex., May 23, 2005). Petitioner appealed, and the Fifth Circuit Court of Appeals recently denied a certificate of appealability. *Arnone v. Quarterman*, No. 05-10725 (5th Cir. Sep. 18, 2006).

In the present petition (his second), filed on May 9, 2006[3], Petitioner raises five grounds. He contends (1) that his nolo contendere plea was involuntarily and unknowing, (2) that his deferred adjudication was revoked because he exercised his right against self-incrimination and refused to admit and confess in the course of Sex Offender Treatment Program (SOTP) to the charged offense which he denied (claiming that he was never told during the plea colloquy that if he denied that he had committed the offense in the course of the SOTP, that his probation would be subject to revocation); (3) that there was a variance between the offense charged in the indictment and the evidence the State presented at the hearing on the motion to adjudicate guilt; (4) that his sentence is constitutionally infirm; and (5) that he is actually innocent of the offense.

Findings and Conclusions: The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations for state inmates seeking federal habeas corpus relief. See 28 U.S.C. § 2244(d). The court may raise the affirmative defense of the statute of limitations *sua sponte*. *See Kiser v. Johnson*, 163 F.3d 326 (5th Cir. 1999).[4]

---

[3]    For purposes of this recommendation, the petition is deemed filed on May 9, 2006, the date Petitioner signed the petition and purportedly placed it in the prison mail. See *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998) (holding that a federal petition is deemed filed for determining application of the AEDPA when the prisoner tenders it to prison officials for mailing).

[4]    Petitioner has exhaustively addressed the timeliness issue and has requested equitable tolling in the pleadings in this case. As a result, he is clearly aware of the one-year period, and this Court need not give him notice that his case may be subject to dismissal on

The one-year period is calculated from the latest of either (A) the date on which the judgment of conviction became final; (B) the date on which an impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the Supreme Court initially recognizes a new constitutional right, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (D) the date on which the facts supporting the claim became known or could have become known through the exercise of due diligence. *See id.* § 2244(d)(1)(A)-(D).

Petitioner raises two claims relating to his initial plea (see grounds 1 and 3). He also raises three claims which pertain to the probation revocation, conviction and sentence (see grounds 2 and 4). The Court will analyze each subgroup separately for purposes of the one-year limitation period.

1.      Timeliness of Claims Relating to the Initial Plea and Placement on Deferred Adjudication Probation (grounds 1 and 3)[5]

Petitioner alleges no state-created impediment under 28 U.S.C. § 2244(d)(1)(B) that prevented him from timely raising grounds 1 and 3. Nor does he base these grounds on any new constitutional right under subparagraph (C). With regard to subparagraph (D), the Court determines that the facts supporting grounds 1 and 3 became known prior to the date on which

---

limitation grounds.

[5]      Ground three arguably relates to both the initial plea and the hearing revoking deferred adjudication probation. As set out more fully, this ground is time barred under either circumstance.

Petitioner's deferred adjudication probation became final.  Petitioner sets out alleged deficiencies which occurred in the course of his initial plea proceeding.  All occurred in his presence and/or in open court.  Therefore, the Court calculates the one-year statute of limitations from the date Petitioner's deferred adjudication probation became final at the conclusion of direct review or upon the expiration of the time for seeking such review.  *See* 28 U.S.C. § 2244(d)(1)(A).

In *Caldwell v. Dretke*, 429 F.3d 521, 526-29 (5th Cir. 2005), the Fifth Circuit held that an order of deferred adjudication probation following a plea is a final judgment for purposes of § 2244(d)(1)(A) upon the expiration of the time for seeking direct review.  The Circuit noted that "[u]nder Texas law, a defendant must file a notice of appeal 'within 30 days after the day sentence is imposed or suspended in open court.'"  *Id.* (quoting Tex. R. App. P. 26.2(a)(1) (effective Sept. 1, 1997).

Applying *Caldwell*'s holding to this case, Petitioner's deferred adjudication probation became final for purposes of § 2244(d)(1)(A) in December 2002, thirty days after Petitioner pled nolo contendere and the trial court placed him on deferred adjudication probation.  The limitation period expired one year later in December 2003.

Petitioner did not file this federal habeas petition until May 9, 2006, more than two years and four months after the one-year limitation period expired.  Although 28 U.S.C. § 2244(d)(2) tolls the limitation period during the pendency of state habeas proceedings, *see Sonnier v. Johnson*, 161 F.3d 941 (5th Cir. 1998); *Fields v. Johnson*, 159 F.3d 914, 916 (5th Cir. 1998), Petitioner's art. 11.07 application was not pending in state court prior to the expiration of the one-year period.  Therefore, Petitioner's claims challenging his original plea and the order placing him on deferred adjudication probation are time barred unless the one-year period is

5

tolled on equitable grounds.

"The doctrine of equitable tolling preserves a plaintiff's claims when strict application of the statute of limitations would be inequitable." *United States v. Patterson*, 211 F.3d 927, 930-31 (5th Cir. 2000) (quoting *Davis v. Johnson*, 158 F.3d 806, 810 (5th Cir. 1998)).  Equitable tolling applies only in cases presenting "rare and exceptional circumstances." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999).  "Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Id.* (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)).  Further, "equity is not intended for those who sleep on their rights." *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999).

It is unsurprising that Petitioner took no action to raise the claims related to his underlying plea and the conditions of his probation prior to the revocation of his deferred adjudication probation.  By any standard he obtained a very favorable disposition of the criminal charge in avoiding a prison term despite the offense charged.

Regarding the SOTP, Petitioner concedes being informed during the plea hearing that it would be a condition of his deferred adjudication probation.  He now claims, however, that neither the trial court nor counsel formally warned him that as a condition of the SOTP, he would be "compelled to self-incriminate himself in any and all previously unknown, uncharged and unadjudicated offenses of [a ] sexual nature against minors or other persons, for which offenses, wrong or bad acts [he] could be prosecuted." (Pet. at 8).  Petitioner further alleges that neither the trial court nor defense counsel ever advised him that his refusal to comply fully with the SOTP would result in his participation being terminated, and the possibility that his deferred

6

adjudication probation would be revoked with the imposition of a prison term.  (*Id.*).

The above contentions are groundless.  This is not a case were Petitioner was totally

unaware that the SOTP was a condition of his deferred adjudication probation.  Moreover, if

Petitioner was concerned about the SOTP, he could have inquired about it before he pled nolo

contendere.  Alternatively, he could have filed a direct appeal within thirty days from the entry

of the order placing him on deferred adjudication probation.

Even if Petitioner was unaware of his appeal rights stemming from the order placing him

on deferred adjudication probation, this is insufficient to warrant application of equitable tolling.

Mere ignorance of the law is not a circumstance warranting application of equitable tolling.

*Fisher*, 174 F.3d at 714 ("Ignorance of the law, even for an incarcerated *pro se* petitioner,

generally does not excuse prompt filing."); *see also Turner v. Johnson*, 177 F.3d 390, 392 (5th

Cir. 1999) ("neither a plaintiff's unfamiliarity with the legal process nor his lack of

representation during the applicable filing period merits equitable tolling).

2.     Timeliness of Claims Relating to Probation Revocation and Sentencing (grounds
       2 and 4)

Petitioner's second and fourth grounds relate to his probation revocation and imposition

of a prison sentence.  Thus, the timeliness of these grounds is dependent on the date on which

Petitioner's conviction and penitentiary sentence, which occurred after the revocation of his

deferred adjudication probation, became final.  The Court concludes that Petitioner's probation

revocation and sentence became final at the latest on April 27, 2004, the last day on which he

could have filed a petition for discretionary review in accordance with the order of the Court of

Criminal Appeals granting him an extension to do so.  Thus, the one-year period commenced to

run the next day on April 28, 2004.[6]

When Petitioner filed his art. 11.07 application on August 12, 2004, 106 days of the one-year period had elapsed.  The state application remained pending until it was denied on February 9, 2005, during which time the one-year period was tolled pursuant to 28 U.S.C. § 2244(d)(2). *See also Sonnier v. Johnson*, 161 F.3d 941, 944 (5th Cir. 1998); *Fields v. Johnson*, 159 F.3d 914, 916 (5th Cir. 1998).  The one-year period resumed running on February 10, 2005, and expired 259 days later on October 27, 2005 -- more than six months before Petitioner can be deemed to have filed his federal petition in this case on May 9, 2006.  Although Petitioner filed his first federal petition on April 5, 2005, prior to the expiration of the one-year period, *see* No. 3:05cv669-B, he is not entitled to statutory tolling during its pendency in federal court.  *See Duncan v. Walker*, 533 U.S. 167, 181-182 (2001) (an application for federal habeas corpus review is not an "application for State post-conviction or other collateral review" within the meaning of 28 U.S.C. § 2244(d)(2)).  Moreover, the Findings, Conclusions and Recommendation in the first federal habeas petition specifically placed Petitioner on notice of the applicability of the one-year limitation period, and that statutory tolling would not apply during the pendency of his federal petition.  *See  Arnone v. Dretke*, 3:05cv0669-B (N.D. Tex. Apr. 26, 2005) (Stickney, M.J.) (F&R at 4 n.3), *accepted* (N.D. Tex., May 23, 2005) (Boyle, J.).  Therefore, grounds two and four are clearly time barred absent equitable tolling.

---

[6]     This case is not controlled by Foreman v. Dretke, 383 F.3d 336, 340-41 (5th Cir. 2004), in which the Court of Appeals dismissed the direct appeal from the trial court's determination to proceed with an adjudication of guilt for want of jurisdiction.
    In his direct appeal, Petitioner complained the trial court erred by overruling his objections to the PSI, an issue arising after the adjudication of guilty. *Arnone v. State*, No. 05-03-01165-CR (Tex. App. -- Dallas Jan. 28, 2004).  Thus, the court of appeals had jurisdiction to consider his claim on appeal. *Id.*

Insofar as Petitioner seeks equitable tolling, his claim should be rejected.  As noted above, equitable tolling is available only  in "rare and exceptional circumstances." *Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir. 1998).  Moreover, Petitioner's own allegations reflect that he did not pursue "the process with diligence and alacrity." *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000), *reh'g granted in part*, 223 F.3d 797 (5th Cir. 2000).  While Petitioner filed his first federal petition shortly after the denial of his art. 11.07 application, the federal court quickly informed him that his petition was unexhausted and that the one-year statute of limitation applied.  Despite these warnings, Petitioner decided to gamble that the Fifth Circuit would find his claim exhausted.  Petitioner, thus, delayed fifteen months before filing his second federal petition.  This delay – clearly of Petitioner's own making – does not evince due diligence.  "[E]quity is not intended for those who sleep on their rights. *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999).  Therefore, the Court concludes that Petitioner is not entitled to equitable tolling.

3.      Actual Innocence

Lastly Petitioner alleges that his petition is not time barred because he is actually innocent of the offense of injury to a child.  (Pet. at 19).  He explains that he recently learned that his son's medical condition -- inability to hold and control his bowel and stool -- may be hereditary and  not caused by "child sexual abuse or alleged anal penetration." (*Id.*).  Petitioner requests discovery on this issue, which he concedes is unexhausted.  (Pet. at 21).

The one-year limitation period contains no explicit exemption for litigants claiming actual innocence of the crimes of which they have been convicted.  In this respect, the Fifth

9

Circuit Court of Appeals has recognized that a petitioner's claims of actual innocence are relevant to the timeliness of his petition if they justify equitable tolling of the limitation period. See *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000); *accord Cousin v. Lensing*, 310 F.3d 843, 849 (5th Cir. 2002).

Insofar as Petitioner requests the Court to toll the limitation period on equitable grounds because of his alleged actual innocence, his claim is likewise meritless.  A claim of actual innocence "does not constitute a 'rare and exceptional' circumstance, given that many prisoners maintain they are innocent." *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000); *see also Cousin v. Lensing*, 310 F.3d 843, 849 (5th Cir. 2002); *United States v. Riggs*, 314 F.3d 796, 800 n. 9 (5th Cir. 2002).  In addition, Petitioner has not shown that he has reliable new evidence that establishes his actual innocence.  *See Schlup v. Delo*, 513 U.S. 298, 329 (1995).  An actual innocence claim carries a heavy burden:

> To establish the requisite probability that he was actually innocent, the [petitioner] must support his allegations with new, reliable evidence that was not presented at trial and must show that it was "more likely than not that no reasonable juror would have convicted him in the light of the new evidence."

*Fairman v. Anderson*, 188 F.3d 635, 644 (5th Cir. 1999) (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)); *accord Finley v. Johnson*, 243 F.3d 215, 221 (5th Cir. 2001); *United States v. Jones*, 172 F.3d 381, 384 (5th Cir. 1999).

In this case, Petitioner challenges his underlying conviction for injury to a child.  He, however, cannot meet his heavy burden of showing that he is actually innocent of the offense of injury to a child, merely by virtue of his conclusory and unsupported claim that his son may suffer from a hereditary medical condition, which his attorney allegedly failed to investigate.

Because Petitioner has not carried his burden to show that equitable tolling is warranted,

10

his claims are barred by limitations.

RECOMMENDATION:

For the foregoing reasons it is recommended that the District Court dismiss the habeas

corpus petition with prejudice as barred by the one-year statute of limitations.  See 28 U.S.C. §

2244(d)(1).

The Clerk will transmit a copy of this recommendation to Petitioner.

Signed this 8th day of December, 2006.

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE


NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that
you must file your written objections within ten days after being served with a copy of this
recommendation.  Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir.
1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and
conclusions of law within such ten day period may bar a *de novo* determination by the district
judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds
of plain error, from attacking on appeal the unobjected to proposed findings of fact and
conclusions of law accepted by the district court.